UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAUL ORTIZ-MIRANDA,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 12-1461 (JAF)

(Crim. No. 95-029)

## OPINION AND ORDER

Petitioner, Raúl Ortiz-Miranda, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket No. 1.)  The Government opposes, (Docket No. 3), and Petitioner replies (Docket No. 5).

### I.

### Factual and Procedural Summary

A comprehensive and detailed factual background of this case appears in the docket of Petitioner's criminal case. (Cr. No. 95-029, Docket No. 3454.)  On December 13, 1995, Petitioner was convicted of conspiracy to possess with intent to distribute fifty grams ("g") or more of crack, five kilograms ("kg") or more of cocaine, one kg or more of heroin, and an undetermined quantity of marijuana. (Crim. No. 95-029, Docket No. 917.)  This court sentenced Petitioner to a prison term of 540 months. (Docket No. 1220.)  Petitioner then appealed the sentence and conviction, raising a variety of challenges. (Docket No. 1221.)

Civil No. 12-1461 (JAF)                                                                                              -2-

The First Circuit Court of Appeals affirmed the sentence and conviction. <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 40 (1st Cir. 1999).

In 2001, Petitioner then filed his first § 2255 motion, which this court dismissed. (Civ. No. 01-1386, Docket Nos. 1; 6; 7.) Petitioner appealed, (Docket No. 11), and on July 8, 2003, the First Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Docket Nos. 16; 17.)

Now Petitioner brings a second successive habeas petition, arguing that his sentence should be corrected pursuant to the recent Supreme Court decision in <u>DePierre v. United States</u>, 131 S.Ct. 2255 (2011). (Docket No. 1 at 2, 4.) The government responds with two arguments. First, under existing First Circuit case law, Petitioner is barred from bringing a second successive § 2255 motion in this court. (Docket No. 3 at 2.) Second, even if Petitioner were able to bring his claim, the government argues that <u>DePierre</u> does nothing to help Petitioner. (Docket No. 3 at 3-4.) We agree with the government on both counts.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. <u>See</u> 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." <u>Id.</u>

In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his

Civil No. 12-1461 (JAF)                                                                                    -3-

procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The government is correct that Petitioner may not bring a successive § 2255 motion absent permission from the Court of Appeals. Libby v. Magnuson, 177 F.3d 43, 45 (1st Cir. 1999). Petitioner has not received such permission; therefore, his claim is barred. See id. ("[A] second or successive habeas petition is not a matter of right-and the gatekeeping function belongs to the court of appeals, not to the district court.") The government is also correct that DePierre, which held that "cocaine base as used in 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form," does nothing to help Petitioner. 131 S.Ct. at 2237. Therefore, Petitioner's claim will be dismissed.

Civil No. 12-1461 (JAF) -4-

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of November, 2012.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        United States District Judge